UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00707-1 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 400] |
| v. | : | |
| RICKY LLOYD SIMMONDS, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Ricky Simmonds moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821, Part B.[1] The Federal Public Defender filed a notice of intent not to supplement Simmonds' motion.[2] The government opposed Simmonds' motion.[3]

Amendment 821, Part B decreases the total offense level for certain defendants who received zero criminal history points at sentencing.[4]

Although Amendment 821 applies retroactively, a district court may not modify a defendant's sentence based on a retroactive amendment unless the defendant is eligible under U.S. Sentencing Guidelines § 1B1.10.[5] And under § 1B1.10(a)(2)(B), a defendant is not eligible if applying the retroactive amendment does not lower the defendant's guideline range.[6]

---

[1] Doc. 400.
[2] Doc. 401.
[3] Doc. 402.
[4] Amendment 821, https://www.ussc.gov/guidelines/amendment/821.
[5] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[6] U.S.S.G. § 1B1.10(a)(2)(B).

Case No. 1:20-cr-00707-1
GWIN, J.

Here, Defendant Simmonds received two criminal history points.[7] Because Simmonds received criminal history points, Amendment 821, Part B does not apply to Simmonds.

For this reason, Defendant Simmonds is not eligible for a sentence reduction under Amendment 821 and § 3582(c)(2). The Court **DENIES** the sentence reduction motion.

IT IS SO ORDERED.

Dated: April 22, 2024                    *s/    James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[7] Doc. 290 at ¶ 79.