# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:20-cr-707-1 |
| Plaintiff, | )<br>) | Judge J. Philip Calabrese |
| v. | )<br>) | |
| RICKY SIMMONDS, | )<br>) | |
| Defendant. | )<br>) | |

## OPINION AND ORDER

Defendant Ricky Simmonds' filed an emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 424.) For the reasons set forth below, the Court **DENIES** the motion.

## STATEMENT OF FACTS

Defendant Ricky Simmonds began serving a 250-month sentence on January 13, 2022 after pleading guilty to 27 counts of various drug charges involving fentanyl, methamphetamine, and cocaine. (ECF No. 312, PageID #2027.) Mr. Simmonds' guideline range was life, based on a total offense level of 43 and a criminal history category of II. (ECF No. 334, PageID #2167 & #2173.) On January 13, 2022, Mr. Simmonds was sentenced to a total term of imprisonment of 250 months followed by a five-year term of supervised release, a fine of $10,000, and a special assessment of $2,700. (ECF No. 312, PageID #2028–32.)

While serving his current sentence, Mr. Simmonds has taken steps toward rehabilitation and self-improvement. (ECF No. 424-1, PageID #3021–22.) As of

January 5, 2026, Mr. Simmonds completed his GED and over 30 programs at the Bureau of Prisons. (ECF No. 424, PageID #3014; ECF No. 424-1, PageID #3020.) Also, he mentors other inmates in carpentry. (ECF No. 424, PageID #3013.) However, Mr. Simmonds received two disciplinary infractions for borrowing phones to make unauthorized phone calls to his daughter. (*Id.*, PageID #3011.) Neither infraction was violent, involved drugs, or raised his security level. (*Id.*, PageID #3014; ECF No. 424-5, PageID #3032.)

He has served approximately 64 months of his 250-month sentence. His projected release date is September 21, 2038. (*See* Find an Inmate, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited February 26, 2026). ) After release, Immigration and Customs Enforcement has a detainer on Mr. Simmonds, so he will likely be deported. (ECF No. 310, PageID #2025.)

## STATEMENT OF THE CASE

On January 5, 2026, Mr. Simmonds filed a *pro se* emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his own medical circumstances and on family circumstances. (ECF No. 424.) On January 13, 2026, Mr. Simmonds filed a supplemental memorandum in support of his motion. (ECF No. 427.) On January 27, 2026, the United States opposed the motion. (ECF No. 431.)

## LEGAL STANDARD

Compassionate release under 18 U.S.C. § 3582(c)(1)(A) provides a limited exception to the rule of finality. *United States v. Hunter,* 12 F.4th 555, 561 (6th Cir. 2021). A district court may reduce a defendant's sentence only if the defendant satisfies three requirements: (1) "extraordinary and compelling reasons warrant such a reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the relevant § 3553(a) factors support the reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021)) (internal quotation marks omitted). Additionally, the defendant must either exhaust all administrative remedies through the Bureau of Prisons or wait 30 days after submitting a request to the warden. *United States v. Alam,* 960 F.3d 831, 833–34 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A).

Congress has not defined what "extraordinary and compelling reasons" are for sentence reductions and instead delegated that authority to the Sentencing Commission. But "extraordinary and compelling" means unusual, rare, and forceful. *United States v. McCall,* 56 F.4th 1048, 1055 (6th Cir. 2022). Routine or ordinary circumstances do not qualify. *Id.* At step two, Congress limited district courts' discretion by requiring that any sentence reduction under Section 3582(c)(1)(A) be consistent with the Sentencing Commission's policy statements. *Concepcion v. United States,* 597 U.S. 481, 495 (2022). The policy statement at Section 1B1.13(b) sets out extraordinary and compelling reasons that include serious medical conditions, age-related deterioration, family caregiving needs, abuse experienced in

3

custody, unusually long sentences where non-retroactive changes in law would create gross disparities, or other comparable circumstances. Rehabilitation alone does not qualify as an extraordinary and compelling reason, but it may be considered in combination with other circumstances. Section 1B1.13(d); *McCall,* 56 F.4th at 1053. At step three, the court weighs the sentencing factors in 18 U.S.C. § 3553(a) and exercises its discretion to decide whether the circumstances justify a reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020).

Mr. Simmonds bears the burden of proving that he has an "extraordinary and compelling" circumstance entitling him to compassionate release. *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012). Where a defendant fails to establish any of the three substantive requirements, the Court may deny the motion without addressing the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## ANALYSIS

Mr. Simmonds moves for compassionate release under the medical circumstances category and under the family circumstances category, based on Mr. Simmonds' daughter's mental health and the effects of the October 2025 hurricane in Jamaica. In support of his motion, Mr. Simmonds cites several medical conditions and the need to care for his daughter. (ECF No. 424, PageID #3009–11 & #3014.) He is 55 years old and reports several ongoing health issues. (*Id.*, PageID #3007; ECF No. 424-3, PageID #3024.) He submitted medical records from April 2022, October 2022, September 2023, December 2023, January 2024, and March 2024. (ECF No. 424-3; ECF No. 424-4.)

4

Mr. Simmonds states that his daughter suffers from bipolar disorder and lives with her mother who cannot provide her with the necessary assistance. (ECF No. 424, PageID #3010.) After a hurricane hit Jamaica on October 28, 2025, he states that the community was "devastated" and "nobody has been able to care for [his daughter] on a regular basis" except for him over the phone. (*Id.*) If released, Mr. Simmonds would live with his daughter and serve as her caregiver. (*Id.*) Also, he plans to use his carpentry skills to repair his family home and help rebuild the community. (*Id.*, PageID #3017.) Because there is an ICE detainer on him, Mr. Simmonds argues that deportation will serve as "an additional punishment" because he will only be able to connect with friends and family who reside in the United States over the phone or in Jamaica. (*Id.*)

I. **Medical Circumstances**

A defendant may establish "extraordinary and compelling" reasons for release based on medical circumstances in several ways, including by demonstrating that he suffers from a serious and advanced illness with an end-of-life trajectory; suffers from a condition, impairment, or aging process that substantially diminishes his ability to provide self-care within the correctional facility *and* from which he is not expected to recover; or suffers from a condition that requires long-term or specialized medical care that is not being provided *and* without which he is at risk of serious decline or death. U.S.S.G. § 1B1.13(b)(1)(A)–(C).

Mr. Simmonds identifies several medical conditions and argues that he has received inadequate care at the Bureau of Prisons. (ECF No. 424, PageID #3014–16.) Mr. Simmonds suffers from "Type 2 [d]iabetes, hypertension, obesity (morbid),

5

hyperlipidemia, sleep apnea and a prostate disorder." (*Id.*, PageID #3014.) He concedes that his conditions are "not currently substantially diminishing his ability to provide selfcare in prison or "imminent enough" to be considered terminal. (*Id.*, PageID #3014.) Instead, Mr. Simmonds argues that the Bureau of Prisons has inadequately treated his "prostate cancer," which is an extraordinary and compelling reason to reduce his sentence. (*Id.*, PageID #3014–15.) In support of his motion, Mr. Simmonds refers to lab reports that indicate rising PSA levels and a recommendation for an off-site prostate biopsy in July 2022. (ECF No. 424-3, PageID #3027.) He argues that the Bureau of Prisons never took him to have the biopsy. (ECF No. 424, PageID #3015.) Mr. Simmonds claims that the Bureau of Prison's health service providers told him that prostate cancer "usually [ ] will not be fatal unless a patient suffers from other medical problems." (*Id.*, PageID #3016.) But because he suffers from other medical problems, Mr. Simmonds is concerned. (*Id.*) While "Defendant's medical circumstances individually may not meet the criteria" for compassion release, he argues that "collectively" they do because "Defendant will not recover from the deteriorating diseases especially [d]iabetes." (*Id.*)

The record does not reflect any condition that meets the high threshold of being extraordinary and compelling within the meaning of the policy statement. It contains no evidence that he suffers from prostate cancer. On July 12, 2023, Mr. Simmonds signed a form refusing the recommended "[p]rostate biopsy & [u]rology f/u visit." (ECF No. 431-3, PageID #3066.) This document contains his acknowledgement of the possible consequences of refusing treatment, including

6

"[w]orsening of condition such as BPH, increase risk urinary retention, bladder dysfunction, infections, sepsis, cancer and/or death." (*Id*.) Moreover, Mr. Simmonds filed his emergency motion for compassionate release on January 5, 2026, but the most recent medical documentation that he provided is from March 28, 2024. (ECF No. 424-3, PageID #3030.) In July 2022, Mr. Simmonds' PSA level was elevated, he met with urology, and the medical team recommended a biopsy of his prostate. (ECF No. 431-2, PageID #3063.) However, Mr. Simmonds refused the recommended biopsy. (ECF No. 431-3, PageID #3066.)

The court sentenced Mr. Simmonds with knowledge of his arthritis, diabetes, glaucoma, hypertension, hyperlipidemia, and sleep apnea. (ECF No. 290, PageID #1885; ECF No. 313, PageID #2036.) The record reflects that Mr. Simmonds' medical conditions can be managed at a correctional facility and that he has received appropriate care, including examinations, a recommendation for a biopsy of his prostate, regular monitoring, and medication prescriptions. (ECF No. 424-3; ECF No. 431-2; ECF No. 431-5; ECF No. 431-6; ECF No. 431-9.) The Bureau of Prisons has the obligation and the facilities to treat Mr. Simmonds for his medical conditions, including an elevated PSA level. Mr. Simmonds does not show that the Bureau of Prisons cannot adequately manage his care.

**II.     Family Circumstances**

Mr. Simmonds claims that his daughter suffers from bipolar disorder and lives with her mother, who is unable to care for her because of the October 2025 hurricane that hit Jamaica. (ECF No. 424, PageID #3010.) If released, he states that he would serve as his daughter's caregiver. (*Id*.)

7

Given Defendant's obligation to file only true and accurate claims, the Court does not want to doubt the sincerity of that claim. However, the United States provides evidence that Mr. Simmond's daughter is an emerging songwriter and artist with no indication of incapacity. (ECF No. 431, PageID #3055.) The United States refers to interviews with Mr. Simmond's daughter about her ability to "live a good life" with her bipolar disorder and her success, including a song that went viral on TikTok and generated over a million streams on Spotify and a potential club tour in Europe and the Untied States. *See Singer Complex Ricki Talks Mental Health*, https://jamaica-gleaner.com/article/entertainment/20251222/singer-complex-ricki-talks-mental-health (last visited February 26, 2026); *see also,* Sydney Sweeney, *An Artist, Not a Look: A Conversation with Rising Trap-Soul Singer/Songwriter Riki,* https://atwoodmagazine.com/riki-2017-interview/ (last visited February 26, 2026).

Even if Defendant's claim is sincere, Section 1B1.13(b)(3)(D) sets a higher standard. A defendant must demonstrate that an immediate family member is incapacitated and that the defendant is the family member's only available caregiver. U.S.S.G. § 1B1.13(b)(3)(D).

**II.A. Incapacitation**

The Sentencing Guidelines do not define "incapacitation" in the context of compassionate release. District courts have used various definitions for the term, each creating a high bar for finding that a defendant's family member is incapacitated under Section 1B1.13(b)(3)(D). *See, e.g.*, *United States v. Steele*, No. 1:20-cr-13-4, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024) (collecting cases) (defining incapacitated as "completely disabled" and unable to "carry on any self-care and is

8

totally confined to a bed or chair"); *United States v. Taveras*, No. 4:19-cr-40049, 2024 WL 1606013, at *4 (D. Mass. Apr. 12, 2024) (defining incapacitated as being "unable to receive and evaluate information or communicate decisions . . . [and] lack[ing] the ability to meet essential requirements for physical health, safety, or self-care").

Under any definition, if an immediate family member's health falls short of incapacitation, there is no extraordinary and compelling circumstance to justify compassionate release.  *Steele*, 2024 WL 1928945, at *3 (concluding that a defendant's request to care for his sick—but not incapacitated—mother did not rise to an extraordinary and compelling circumstance because many inmates have sick or aging parents); *United States v. White*, No. CR 16-40, 2021 WL 1721016, at *3–4 (E.D. La. Apr. 30, 2021) (denying compassionate release where the defendant's mother had cancer but was not incapacitated or disabled by the disease).

Here, there is insufficient evidence to show that Mr. Simmond's daughter is "completely disabled" or unable to "carry on any self-care."  Mr. Simmond's did not provide any medical records or evidence supporting his daughter's bipolar condition or its severity.  Without that support, his daughter's condition does not justify a sentence reduction.

**II.B.  Only Available Caregiver**

Even if his daughter's medical conditions rendered her incapacitated, Mr. Simmonds does not proffer sufficient evidence to demonstrate that he is her only available caregiver.  To do this, a defendant must "specifically address whether any family members, friends, or community organizations" besides the defendant could

9

care for the incapacitated family member. *United States v. Mahoney*, No. 17-cr-20424, 2022 WL 987179, at *2 (E.D. Mich. Mar. 31, 2022).

Mr. Simmonds argues that, although his daughter lives with her mother, she cannot care for her because of the effects of the October 2025 hurricane. (ECF No. 424, PageID #3010.) He states that his daughter's mother also suffers from bipolar disorder. (ECF No. 427–1, PageID #3037.) However, Mr. Simmonds does not provide any evidence that he is the only person capable of caring for his daughter. Conclusory allegations of familial hardship do not suffice. *United States v. Hill*, No. 5:18-cr-50022, 2020 WL 3037226, at *3 (W.D. Ark. June 5, 2020) (assuming the defendant's wife was incapacitated, the court "would still need additional, credible evidence as to the lack of alternative caregivers in order to make a definitive finding that [the defendant] is the only available caregiver").

Even assuming that Mr. Simmonds is the only *family member* who could care for his daughter, he fails to explain why she cannot receive help from friends, community organizations, or in-home medical aids. *See United States v. James*, No. 2:18-cr-49-5, 2023 WL 4633480, at *2 (E.D. Tenn. July 19, 2023) (denying compassionate release based on family circumstances where the defendant did not identify "any community or faith-based organizations from which her mother has sought assistance and been denied"). The Court does not doubt that the effects of the hurricane negatively impacted the community. However, Defendant provides no evidence to show how those effects prevented his daughter from receiving assistance

10

from every person or source other than himself. Without that support, his claim that he is the only caregiver available does not justify a sentence reduction.

### III. Section 3553(a) factors

Although Mr. Simmonds' rehabilitative efforts—including completion of his GED and other courses—are commendable, rehabilitation alone cannot support compassionate release. *McCall,* 56 F.4th at 1053; U.S.S.G. § 1B1.13(d). Even if Mr. Simmonds met the extraordinary and compelling standard, the Section 3553(a) factors weigh against a sentence reduction. He pleaded guilty to serious drug offenses. (ECF No. 312, PageID #2027.) He orchestrated a complex drug trafficking organization that distributed large amounts of drugs using other individuals, storage facilities, drop locations, and transfer points. (ECF No. 431, PageID #3057–58.) He combined fentanyl with other illegal drugs and concealed its presence, which increases the risk of serious injury or death. (*Id.*, PageID #3058.) He faced a recommended sentence of life imprisonment and received a downward variance of 250 months. (ECF No. 313, PageID #2035–36.) His projected release date is September 21, 2038. Reducing his sentence now would undermine the sentencing goals set forth in Section 3553(a)(2)(A)–(B), including the need to reflect the seriousness of the offense, promote respect for the law, and provide adequate deterrence.

Because there is an ICE detainer for him, Defendant argues that deportation is an additional punishment which warrants compassionate release. (ECF No. 424, PageID #3017.) However, the United States argues that an ICE detainer is not an extraordinary and compelling reason for release. (ECF No. 431, PageID #3056.) Because ICE detainers are present in many cases with non-citizen defendants, the

11

United States argues that it is not an extraordinary reason for release. (*Id*.) Further, the United States argues that not being able to see friends and relatives who live in the United States is not a compelling reason for release. (*Id*.) The Court agrees. On the facts and circumstances of this case, Mr. Simmonds' ICE detainer is not an extraordinary or compelling basis for release.

## CONCLUSION

For these reasons, the Court finds that Mr. Simmonds does not qualify for a sentence reduction under Section 3582(c)(1)(A). Accordingly, the Court **DENIES** his motion for compassionate release (ECF No. 424).

**SO ORDERED.**

Dated: February 27, 2026

                                              J. Philip Calabrese
                                              United States District Judge
                                              Northern District of Ohio